# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNA BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-8954** |
| **UNITED STATES OF AMERICA** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 13). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

This is a claim against the United States of America for damages caused by the negligence of a government agency occurring on property owned and maintained by a government agency. In her Complaint, Plaintiff alleges that she was shopping in the commissary of the Naval Air Station in Belle Chasse when she tripped and fell over an unmarked electrical cord extended across an aisle.[1] She brings a claim for damages pursuant to the Federal Tort Claims Act.

---

[1] The Court notes that Plaintiff now appears to contend that she tripped on the edge of a floor mat.

1

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence

---

[2] Fed. R. Civ. P. 56(c) (2012).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

of any proof, assume that the nonmoving party could or would prove the necessary facts."[8]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Plaintiff brings this suit under the Federal Tort Claims Act, which permits private plaintiffs to bring suits against the United States "for harm caused by the negligent or wrongful conduct of Government employees, to the extent that a private person would be liable under the law of the place where the conduct occurred."[10]  Because the fall that is the subject of this suit took place in Louisiana, Louisiana law applies.  Under Louisiana law, a merchant's liability for a trip and fall is governed by Louisiana Revised Statute § 9:2800.6, which provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

---

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[11]

"The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to plaintiff's cause of action."[12] Defendant argues that Plaintiff's claim must be dismissed because she cannot carry her burden of proof as to each of the above-outlined elements. Specifically, Defendant argues (1) that Plaintiff has no evidence suggesting an unreasonable risk of harm existed on the commissary's premises, (2) that Plaintiff has no evidence of the commissary's creation or notice of the alleged condition, and (3) that the commissary exercised reasonable care over its premises. Because the Court finds the second issue dispositive, it need not address Defendant's remaining arguments.

Plaintiff alleges that she slipped and fell on either a wire or a floor mat in the commissary. In support of this contention, she provided the affidavit of her niece, Amber Blakes, who was with Plaintiff when she fell. Blakes states that, after Plaintiff fell, she went to examine the area to determine what Plaintiff tripped on and found that there was a "flap or makeshift covering that was extending across the entire aisle" and that "an edge of the covering was

---

[11] The Court notes that in her briefing Plaintiff cites to Louisiana Civil Code article 2317.1, which addresses damage occasioned by ruin, vice, or defect in a thing. "Because Plaintiff claims to have fallen on a merchant's premises, Section 9:2800.6 exclusively controls the matter. The Court is not permitted to consider a cause of action under Article 2317.1, not even as an alternative argument." *Guidry v. Murphy Oil USA, Inc.*, No. 14-00223, 2015 WL 5177569, at *4 (M.D. La. Sept. 3, 2015).
[12] *Bertaut v. Corral Gulfsouth, Inc.*, 209 So. 3d 352, 356 (La. Ct. App. 2016).

sticking up above the floor level."[13] Absent from this testimony, and from the record as a whole, is any evidence indicating that the allegedly dangerous condition existed for any period of time prior to the fall or that Defendant had actual notice of the same. To prevail on a claim of constructive notice, a Plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[14] "The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall."[15] "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute."[16] Plaintiff points the Court to no evidence indicating that the defect in the mat existed for any period of time prior to the fall. Indeed, to the contrary, Plaintiff herself testified that she had navigated this area of the store on numerous prior occasions without issue. Defendant has also submitted evidence indicating that no other tripping incidents have occurred in this area of the commissary. Accordingly, because the record is devoid of evidence from which a reasonable fact finder could concluded that the alleged defect existed for any time prior to the accident, Plaintiff's claim must be dismissed.

---

[13] Doc. 16-1.
[14] La. Rev. Stat. § 9:2800.6
[15] *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997)
[16] *Id.*

## CONCLUSION

For the forgoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 31st day of July, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**